IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZA AYALA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CREDITOR SPECIALTY SERVICE, INC.,<br><br>　　　　　Defendant. | Case No.: 1:11-cv-01469 LJO JLT<br><br>ORDER VACATING THE HEARING DATE OF APRIL 2, 2012 AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT<br><br>(Doc. 18) |

    Plaintiff Liza Ayala ("Plaintiff") seeks leave to file a First Amended Complaint to add allegations of violations of the Fair Debt Collection Practices Act and related California statutes. (Doc. 18-1 at 2). Defendant Creditor Specialty Service, Inc. ("Defendant") has not opposed the motion.[1] Having reviewed the motion and related documents, the Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g). For the reasons set forth below, Plaintiff's motion to leave to amend her complaint is **GRANTED**.

**I.　　Background and Procedural History**

    Plaintiff initiated this action by filing a complaint against Defendant for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.), and California's Rosenthal Fair Debt

---

[1] Defendant is reminded of Local Rule 230(g) which *requires* either the filing of an opposition or a non-opposition to civil motions. ("A responding party who has no opposition to the granting of the motion **shall** serve and file a statement to that effect, specifically designating the motion in question." Emphasis added.)

1

1  Collection Practices Act (Cal. Civ. Code § 1788, et seq.) on September 1, 2011.  (Doc. 1 at 5-7).

2  The Court issued its Scheduling Order on December 15, 2011, and set a deadline of March 12, 2012,

3  for "[a]ny requested pleading amendments."  (Doc. 10 at 2).

4        In compliance with the Court's Scheduling Order deadline, Plaintiff filed a motion to amend

5  the complaint on February 15, 2012.  (Doc. 18).  Plaintiff seeks to allege that Defendant disclosed

6  the existence of her debt to third parties, and that Defendant's letter threatened to report her debt to

7  credit bureaus within the time afforded to dispute the debt, thus violating 15 U.S.C. § 1692b(2) and

8  g(b), and Cal. Civ. Code §1788.12(a).  (Doc. 18-1 at 3).  Defendant did not file an opposition to the

9  motion.

10  **II.**    **Legal Standards for Leave to Amend**

11        Under the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter

12  of course within 21 days of service, or if the pleading is one to which a response is required, 21 days

13  after service of the responsive pleading.  Fed. R. Civ. P. 15(a).  "In all other cases, a party may

14  amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ.

15  P. 15(a)(2).  Here, Defendant filed an answer to Plaintiff's complaint on October 26, 2011.  (Doc. 6).

16  Therefore, Plaintiff requires either consent of Defendant or leave of the Court to file amended

17  pleadings.

18        Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v.*

19  *United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely given

20  when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be

21  guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the

22  pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  After a

23  defendant files a responsive pleading, leave to amend should not be granted where "amendment

24  would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."

25  *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v.*

26  *Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

27        There is no abuse of discretion "in denying a motion to amend where the movant presents no

28  new facts but only new theories and provides no satisfactory explanation for his failure to fully

develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

///

### III.   Discussion and Analysis

Under Rule 15(a), there are several factors a court may consider in deciding whether to grant leave to amend a complaint:  (1) whether the plaintiff has previously amended his compliant, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  These factors are not of equal weight; prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

   A.   Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended his complaint. *Allen*, 911 F.2d at 373.  However, the amendment sought is the first for Plaintiff.  Therefore, this factor does not weigh against amendment.

   B.   Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey*, 482 F.2d at 1191; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986).  However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981) (finding a delay of two years, "while not alone enough to support denial, is nevertheless relevant").  Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388; *see also Eminence Capital*, 316 F.3d at 1052.  In addition, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Plaintiff contends "there is no undue delay in submitting her Motion." (Doc. 18-1 at 5). According to Plaintiff's counsel, Tammy Hussin, she determined "a legal basis existed for alleging additional violations of the FDCPA and California statute" after the filing of the complaint and reviewing documents produced by Plaintiff. (Hussin Decl. ¶6, Doc. 18-2 at 2). Based upon the facts presented by Plaintiff, it does not appear she knew or should have known the facts and theories raised by the amendment at the time the original complaint was filed. Consequently, this factor does not weigh against amendment.

### C.   Bad faith

Plaintiff asserts Defendant was advised that she intended to amend the Complaint "unless [the] parties reached a settlement of Plaintiff's claims." (Doc. 18-1 at 5). According to Plaintiff, she sent a copy of the proposed First Amended Complaint to Defendant but, in spite of several inquiries by Plaintiff, received no response regarding whether Defendant would consent to the amendments. *Id.* Plaintiff's motion to amend does not demonstrate she is acting in bad faith, and this factor does not weigh against amendment.

### D.   Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). Futility may be found where added claims are duplicative of existing claims or patently frivolous, or both. *See Bonin*, 59 F.3d at 846.

Plaintiff asserts amendment is not futile because the amendment "seeks to supplement the allegations originally brought against the same Defendant." (Doc. 18-1 at 4). Because claims do not appear patently frivolous or duplicative of the allegations made in the original complaint, this factor does not weigh against amendment.

### E.   Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)") (internal quotes omitted). The burden of showing prejudice is on the party

opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052.

As noted above, Defendant has not opposed Plaintiffs's motion to amend. Moreover, because Plaintiff has complied with the pleading amendment deadline set forth in the Scheduling Order, ample time remains for discovery on the additional allegations. Therefore, this factor does not weigh against amendment.

**IV.    Conclusion and Order**

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to amend her complaint. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motions to amend. *See Swanson*, 87 F.3d at 343.

According, **IT IS HEREBY ORDERED**:

1. The hearing date of April 2, 2012 at 9:00 a.m. is **VACATED**;
2. Plaintiff's motion to amend the complaint (Doc. 18) is **GRANTED**;
3. Within 2 court days of the service of this order, Plaintiff SHALL file her first amended complaint.

IT IS SO ORDERED.

Dated:   **March 22, 2012**               /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE