IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZA AYALA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CREDITORS SPECIALTY SERVICE, INC.,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:11-cv-01469-LJO-JLT<br><br>**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br>(Doc. 24) |

## I. INTRODUCTION

Plaintiff Liza Ayala ("plaintiff") filed suit against defendant Creditors Specialty Service, Inc. ("CSS") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, et seq. Now before the Court is plaintiff's motion for partial summary judgment. Plaintiff contends that she is entitled to summary judgment on her 15 U.S.C. § 1692b(2) and Cal. Civ. Code § 1788.17 claims because the undisputed facts show that CSS disclosed to a third party that plaintiff owes a debt. Having considered the parties' arguments and submissions, plaintiff's motion is DENIED.

## II. BACKGROUND

**A. Facts**

Approximately twelve years ago, plaintiff obtained a loan from Santa Cruz Community Credit

1

Union for personal reasons. (Doc. 27-1, ¶ 2). Since 2003, CSS, a business with the sole purpose of collecting on consumer accounts, has tried to collect this debt from plaintiff. (Doc. 27-1, ¶ 3-4). Throughout the collection process, CSS placed numerous calls to the phone number ending in 3335, which is plaintiff's place of employment. (Doc. 27-1, ¶ 5). On August 4, 2011, a collector called the 3335 number in an attempt to find out plaintiff's place of employment. (Doc. 27-1, ¶ 9). The parties present different accounts of what was said during this conversation.

### 1. Plaintiff's Version of the Conversation

According to plaintiff, her assistant, Maria Ceja ("Ms. Ceja") answered the call from CSS. (Doc. 24-8, ¶ 5, 7). Ms. Ceja's declaration provides:

> When I answered the phone, the collector immediately said "Liza, I've been trying to get a hold of you." I tried to explain that I wasn't Ms. Ayala, but she continued, "You need to pay what you owe." I informed the collector that Ms. Ayala was not available and that she was speaking with Ms. Ayala's assistant. The collector replied, "Well, you tell her that I am calling from CSS and she needs to be responsible and stop hiding from her problems. It is people like her that are not responsible and don't take care of what they owe. Tell her if she doesn't call us today we will be taking her to court." She continued that she knew Ms. Ayala was "ignoring [her] calls."

(Doc. 24-8, ¶ 8-9).

### 2. CSS's Version of the Conversation

CSS sets forth a different version of the conversation. A declaration by Lynette McCabe ("Ms. McCabe"), a CSS employee provides:

> On or about August 4, 2011, I placed a call to [xxx-xxx]-3335, believed to be Plaintiff's place of work. A person other than Ms. Ayala answered the telephone, and I told that person that I was calling regarding a private personal matter for Ms. Ayala. During this conversation, I asked the following questions of this person:
>
>   a. What hours is Ms. Ayala normally available?
>   b. What is the business address?
>   c. What is Ms. Ayala's supervisor's name?
>
> At no time did I say to the person answering the phone on August 4, 2011 that "CSS is trying to collect a debt from Ms. Ayala" or anything similar.
>
> The debt I was attempting to collect in July and August, 2011, was "Judgment" against Ms. Ayala, a matter of public record. Furthermore, on July 26, 2011, a person who identified herself as Plaintiff's assistant returned a call from me and said she would give Ms. Ayala the message.

> When I placed telephone calls to collect on Ms. Ayala's debt, I never disclosed to anyone other than Ms. Ayala that I was "attempting to collect Ayala's debt," or anything similar.

(Doc. 27-2, ¶ 2-5).

**B. Procedural History**

On September 1, 2011, plaintiff commenced the instant action against CSS in this Court. (Doc. 1). In count one of plaintiff's complaint, she alleged violations of the FDCPA. (*Id.*). Specifically, she alleged violations of 15 U.S.C. §1692d, 1692d(2), 1692d(5), 1692e(5), 1692e(8), and 1692e(10). (*Id.*). In count two, plaintiff alleged violations of the Rosenthal Act. (*Id.*). Specifically, she alleged violations of Cal. Civ. Code § 1788.2(c), 1788.11(d), 1788.11(e), 1788.13(e), 1788.13(f), 1788.13(j), and 1788.17. (*Id.*). On February 15, 2012, plaintiff filed a motion to amend her complaint in which she sought to add a 15 U.S.C. §§ 1692b(2) and 1692g(b) claim to count one. (Doc. 18). She also sought to add a Cal. Civ. Code § 1788.12(a) claim to count two. (*Id.*). Plaintiff's motion to amend was granted on March 22, 2012, and she was given two court days to file her amended complaint. (Doc. 23). Plaintiff never filed her amended complaint. Thus, in a minute order the Court deemed the first amended complaint, attached as an exhibit to plaintiff's motion to amend, as the operative complaint in this case. (Doc. 30).

Now before the Court is plaintiff's motion for partial summary judgment filed on August 17, 2012. (Doc. 24). Plaintiff requests summary judgment on her 15 U.S.C. § 1692b(2) and Cal. Civ. Code § 1788.17 claims. (*Id.*). Plaintiff argues that it is undisputed that CSS disclosed to plaintiff's assistant that plaintiff owed a debt. (Doc. 24). CSS filed an opposition to the motion (Doc. 27) to which plaintiff replied (Doc. 29). On August 29, 2012, the Court found this matter suitable for decision without oral argument and took the matter under submission, pursuant to Local Rule 230(g). (Doc. 26).

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the disclosure materials, the discovery, and the affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party. *Id*.

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Where the movant will have the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex*, 477 U.S. at 323).

If the movant has sustained its burden, the nonmoving party must "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in original). The nonmoving party must go beyond the allegations set forth in its pleadings. *See* FED. R. CIV. P. 56(c). "[B]ald assertions or a mere scintilla of evidence" will not suffice. *Stefanchik*, 559 F.3d at 929. Indeed, the mere presence of "some metaphysical doubt as to the material facts" is insufficient to withstand a motion for summary judgment. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587 (citation omitted).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. Rather, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. Inferences, however, are not drawn out of the air; the nonmoving party must provide a factual predicate from which the inference may justifiably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

**IV. DISCUSSION**

**A. Admissibility of Ms. McCabe's Declaration**

Plaintiff argues that she is entitled to summary judgment on her 15 U.S.C. § 1692b(2) and Cal.

Civ. Code § 1788.17 claims because CSS disclosed to plaintiff's assistant that she owes a debt. CSS asserts that there is a genuine dispute regarding what was said to plaintiff's assistant and presents Ms. McCabe's declaration in support of its argument. Plaintiff contends that the Court should not consider Ms. McCabe's declaration because CSS did not disclose Ms. McCabe as a witness and did not supplement its interrogatories as required by FED. R. CIV. P. 26(e).

FED. R. CIV. P. 26(e) requires a party who has responded to an interrogatory to supplement its response in a timely manner if the party learns that its response is incomplete and if the additional information has not otherwise been made known to the other party during the discovery process. FED. R. CIV. P. 37(c)(1) gives Rule 26(e) teeth by not allowing a party who fails to provide information or identify a witness as required by Rule 26(e), to use that information or witness to supply evidence on a motion or at trial *unless* the failure was substantially justified or harmless.

"In determining whether to preclude introduction of evidence pursuant to FRCP 37, courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." *San Francisco Baykeeper v. West Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R&R Sails, Inc. v. Insurance Co. of the State of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

On February 3, 2012, plaintiff served her first set of interrogatories in which she asked CSS to identify each of its employees that engaged in collection activities related to plaintiff's account. (Doc. 24-5, ¶ 5). In response, CSS identified Charles Stanley, the president and sole shareholder of the company. (Doc. 24-6, ¶ 5). Plaintiff also requested CSS to identify all witnesses it planned to use at trial. (Doc. 24-5, ¶ 16). CSS identified Charles Stanley and two individuals from Santa Cruz Credit Union. (Doc. 24-6, ¶ 16). CSS never identified Ms. McCabe nor did it supplement its responses. In fact, plaintiff was not aware of Ms. McCabe until CSS filed its opposition to plaintiff's motion for summary judgment. Accordingly, CSS failed to comply with FED. R. CIV. P. 26(e).

Although CSS failed to comply with FED. R. CIV. P. 26(e), this Court finds that CSS's failure

5

was harmless based on an analysis of the factors set forth in *San Francisco Baykeeper*. The first element, the surprise to plaintiff, cuts in favor of excluding the evidence. The Court is unaware of any mention of Ms. McCabe in the record prior to the filing of CSS's opposition to plaintiff's motion for summary judgment. When CSS was asked to identify each employee engaged in collection activities related to plaintiff's account, CSS did not identify Ms. McCabe. Accordingly, the disclosure of Ms. McCabe clearly came as a surprise to plaintiff.

As to the second factor, plaintiff's ability to cure the surprise, this factor weighs against excluding the evidence because Ms. McCabe's declaration actually helps plaintiff state a claim pursuant to 15 U.S.C. § 1692b(2). Under 15 U.S.C. § 1692b(2), "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall – . . . not state that such consumer owes any debt." A requisite element of the statute is that the debt collector communicated with a third party in order to acquire "location information." The statute defines the term "location information" as a "consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7). "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

The third party communication at issue here is the August 4, 2011, phone call. It is undisputed that the collector called the 3335 number in an attempt to find out plaintiff's place of employment. (Doc. 27-1, ¶ 9). However, the actual communication that occurred, according to Ms. Ceja, did not involve an inquiry regarding plaintiff's location information. Ms. Ceja's declaration provides in relevant part:

> During the summer of 2011, I answered a call from [CSS]. When I answered the phone, the collector immediately said "Liza, I've been trying to get a hold of you." I tried to explain that I wasn't Ms. Ayala, but she continued, "You need to pay what you owe." I informed the collector that Ms. Ayala was not available and that she was speaking with Ms. Ayala's assistant. The collector replied, "Well, you tell her that I am calling from CSS and she needs to be responsible and stop hiding from her problems. It is people like her that are not responsible and don't take care of what they owe. Tell her if she doesn't call us today we will be taking her to court." She continued that she knew Ms. Ayala was "ignoring [her] calls."

(Doc. 24-8, ¶ 7-9). If the Court were to rely solely on Ms. Ceja's declaration in support of plaintiff's § 1692b(2) claim, the claim would fail as a matter of law. Ms. Ceja's declaration shows that CSS did not

6

communicate with Ms. Ceja in order to acquire location information but communicated with Ms. Ceja in an attempt to reach plaintiff. Ms. McCabe's declaration however, provides that during the conversation she asked for plaintiff's business address (Doc. 27-2, p. 2) which shows that CSS did communicate with Ms. Ceja for the purpose of acquiring location information. Thus, Ms. McCabe's declaration helps plaintiff state a claim pursuant to 15 U.S.C. § 1692b(2).

Plaintiff points to two pieces of evidence, other than Ms. Ceja's declaration, in support of her argument that CSS communicated with a third party in order to acquire location information. First, she points to the undisputed fact that in "July[] 2011, CSS was actively seeking out a new address for [plaintiff]." (Doc. 27-1, ¶ 6). Although CSS actively sought a new address for plaintiff in July 2011, it is undisputed that around August 2, 2011, "[a]n 'Accurint' search was performed confirming that the 3335 number and address on file were both 'good.'" (Doc. 27-1, ¶ 8). Thus, by the time Ms. McCabe placed the phone call on August 4, 2011, she was under the impression that plaintiff could be reached at the 3335 number.

Plaintiff also points to a notation by CSS associated with the August 4, 2011, phone call. The notation provides that the 3335 number was called, a message was left with the girl who answered the phone, and "need to find out" plaintiff's place of employment. (Doc. 24-7, p. 5). The fact the notation provides that plaintiff's place of employment still needed to be found does not show that CSS attempted to acquire location information during the phone call. Moreover, the fact the notation also provides that CSS left a message with the girl who answered the phone indicates that CSS was trying to get a hold of plaintiff and not calling regarding location information. Thus, without Ms. McCabe's declaration plaintiff would be unable to state a § 1692b(2) claim as a matter of law. Accordingly, the second factor, plaintiff's ability to cure the surprise, weighs against excluding the evidence.

The third factor, "the extent to which allowing the evidence would disrupt trial," also weighs against excluding the evidence because the trial will not begin until January 2013. *San Francisco Baykeeper*, 791 F. Supp. 2d at 733. Therefore, allowing the evidence will not disrupt trial. With regard to the fourth factor, the evidence is important. As discussed above, Ms. McCabe's declaration sets forth a key element of plaintiff's § 1692b(2) claim. Thus, the fourth factor weighs against excluding the evidence as well. Finally, the fifth factor cuts in favor of excluding the evidence because CSS has not

provided any explanation for its failure to disclose the existence of Ms. McCabe.

Although Ms. McCabe's declaration came as a surprise to plaintiff and although CSS has failed to provide an explanation for its failure to disclose Ms. McCabe, this Court finds that CSS's failure to comply with FED. R. CIV. P. 26(e) was harmless. CSS's failure to disclose was harmless given plaintiff's ability to cure the surprise, the fact that allowing the evidence would not disrupt trial, and the importance of the evidence.

Plaintiff argues that the Court should not consider Ms. McCabe's declaration because it is factually inconsistent and therefore, unreliable. Plaintiff argues that the declaration is inconsistent because it provides that on July 26, 2011, a person who identified herself as Plaintiff's assistant returned Ms. McCabe's call but the initial call was not placed until August 4, 2011. These statements are not inconsistent. CSS call records show that CSS left a message at the 3335 number on July 23, 2011. (Doc. 24-7, p. 5). Thus, the July 26, 2011, call was likely in response to the call placed on July 23, 2011.

In sum, the Court finds Ms. McCabe's declaration factually consistent and admissible.

**B. Plaintiff's 15 U.S.C. § 1692b(2) and Cal. Civ. Code § 1788.17 claims**

With regard to the merits of plaintiff's claims, she argues that she is entitled to summary judgment on her § 1692b(2) and Cal. Civ. Code § 1788.17 claims because CSS disclosed to her assistant that she owed a debt.[1]

As discussed above, under 15 U.S.C. § 1692b(2), "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall – . . . not state that such consumer owes any debt."

There is a genuine dispute of material fact as to whether CSS disclosed to plaintiff's assistant that plaintiff owed a debt. The declaration submitted by plaintiff's assistant, Ms. Ceja, provides that CSS disclosed to Ms. Ceja that plaintiff owed a debt and needed to pay. (Doc. 24-8). The declaration of Ms. McCabe, submitted by CSS, provides that at no time did Ms. McCabe state that CSS was trying to collect a debt from plaintiff. (Doc. 27-2, ¶ 3). According to Ms. McCabe, she told the person who answered the phone that she was calling regarding a private personal matter for plaintiff. (Doc. 27-2,

---

[1] Cal. Civ. Code § 1788.17, requires debt collectors to comply with the provisions of 15 U.S.C. § 1692b. Thus, the Court's discussion of plaintiff's § 1692b claim applies equally to her Cal. Civ. Code § 1788.17 claim.

8

¶ 2). Ms. McCabe's declaration further provides that she asked what hours plaintiff is normally available, the business address, and plaintiff's supervisor's name. (*Id*.). Because there is a dispute as to whether CSS disclosed to a third party that plaintiff owed a debt, plaintiff's request for summary judgment on her § 1692b(2) and Cal. Civ. Code § 1788.17 claims is DENIED.

In plaintiff's reply brief, she argues that even if Ms. McCabe's declaration is true and admissible and she did not disclose that plaintiff owed a debt to Ms. Ceja, the undisputed facts still show that CSS violated § 1692b(2) by asking for plaintiff's supervisor's name.[2] Under § 1692b(2) "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall – . . . not state that such consumer owes any debt." Based on a plain reading of the statute, whether CSS asked for plaintiff's supervisor's name would not be a violation of § 1692b(2).

## V. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES plaintiff's motion for partial summary judgment on her 15 U.S.C. § 1692b(2) and Cal. Civ. Code § 1788.17 claims.
2. Within two weeks of the filing date of this order, defendant CSS SHALL file an answer to plaintiff's first amended complaint at Doc. 18-3.

IT IS SO ORDERED.

**Dated:   October 19, 2012**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff raises this argument for the first time in her reply brief. Ordinarily, the Court would not consider an argument raised for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). However, because plaintiff's argument relates to Ms. McCabe's declaration which plaintiff was not aware of until CSS filed its opposition to plaintiff's motion for summary judgment, the Court will consider plaintiff's argument.